UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ROSALIO HERNANDEZ, )<br>)<br>　　　　Plaintiff, )<br>)<br>　　　v. )<br>)<br>RICHARD BROWN, *et al.*, )<br>)<br>　　　　Defendants. ) | No. 2:21-cv-00194-JRS-MG |

**ENTRY DENYING MOTIONS FOR JUDGMENT ON THE PLEADINGS**

This action is based on Rosalio Hernandez's allegations that the defendants violated his constitutional rights by placing him in solitary confinement for 16 years without meaningful reviews of his status, under inhumane conditions, and without adequate mental health care.

Both sides have moved for judgment on the pleadings. "Judgment on the pleadings is appropriate when there are no disputed issues of material fact and it is clear that the moving party . . . is entitled to judgment as a matter of law." *Unite Here Local 1 v. Hyatt Corp.*, 862 F.3d 588, 595 (7th Cir. 2017). A Court deciding a motion for judgment on the pleadings may consider only "the matters presented in the pleadings"—and must consider them in the light most favorable to the nonmovant. *Id.* "Pleadings 'include the complaint, the answer, and any written instruments attached as exhibits.'" *Federated Mutual Ins. v. Coyle Mechanical Supply*, 983 F.3d 307, 312–13 (7th Cir. 2020) (quoting *N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998)).

The defendants seek judgment on the pleadings on grounds that Mr. Hernandez's complaint was untimely. Because he asserted that the statute of limitations should be tolled due to a period of mental incapacity, the defendants ask the Court to find that Mr. Hernandez was mentally capable

of filing suit—a showing they attempt to make by citing classification documents outside the pleadings. *See* dkt. 34 at 4–7. It is unclear how Mr. Hernandez could rebut their assertion without additional evidence outside the pleadings, such as medical records. This argument is appropriate for a motion for summary judgment, where the record can be properly developed. *Cf. Federated Mutual Ins.*, 983 F.3d at 313 ("District courts should not allow motions for judgment on the pleadings to deprive the non-moving party of the opportunity to make its case.").

The defendants also assert that they are entitled to judgment on the pleadings under the doctrine of qualified immunity. Their argument, however, does little more than restate the legal standard:

> Here, Defendants are entitled to qualified immunity because they did not act plainly incompetent or in knowing violation of the law. Plaintiff fails to plead sufficient facts showing that some, or all, of the named Defendants personally engaged in conduct that was plainly incompetent, or in knowing violation of the law. The facts as pled fail to show that any of the named Defendants acted plainly incompetently, in knowing violation of the law, or in bad faith.
>
> Absent the pleading of facts which show plain incompetence or acts done in knowing violation of the law, these Defendants cannot be found personally liable in the present action. As such, Defendants are entitled to qualified immunity from suit. Therefore, judgment on the pleadings in their favor is appropriate and should be granted.

Dkt. 34 at 8. "[P]erfunctory and undeveloped arguments . . . are waived." *United States v. Cisneros*, 846 F.3d 972, 978 (7th Cir. 2017) (internal quotations omitted). The Court found plausible claims at screening, and the defendants' argument presents no specific basis for reconsidering that finding.

"Where the plaintiff moves for judgment on the pleadings, 'the motion should not be granted unless it appears beyond doubt that the non-moving party cannot prove facts sufficient to support his position.'" *Housing Authority Risk Retention Group v. Chicago Housing Authority*, 378 F.3d 596, 600 (7th Cir. 2004) (quoting *All American Ins. v. Broeren Russo Const.*, 112 F. Supp. 2d 723, 728 (C.D. Ill. 2000)). *See also Redex, Inc. v. Atlanta Film Converting Co.*, No. 87 C 3508,

1988 WL 9075, at *1 (N.D. Ill. Feb. 2, 1988) ("[W]hen a plaintiff moves for judgment on the pleadings, we rely only on the facts alleged in the complaint and admitted in defendant's answer."). The defendants have denied the material components of Mr. Hernandez's complaint and asserted affirmative defenses. Indeed, factual disputes must be resolved just to determine whether the complaint is timely.

The parties' motions for judgment on the pleadings, dkts. [33] and [44], are **denied**. Mr. Hernandez's motion for additional time to respond to the defendants' motion, dkt. [38], and his motion to strike the defendants' motion, dkt. [40], are **denied as moot**. This order does not preclude any party from raising an argument asserted in a motion for judgment on the pleadings in a motion for summary judgment after discovery has closed.

The deadlines to complete discovery and file dispositive motions remain April 18 and May 18, 2022, respectively.

**IT IS SO ORDERED.**

Date: 3/22/2022

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ROSALIO HERNANDEZ
890437
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only


Thomas Joseph Flynn
INDIANA ATTORNEY GENERAL
tom.flynn@atg.in.gov

3